D. Lawrence Letham, No. 024727
LLetham@LethamLF.com
Letham Law Firm LLC
9855 E. Southern Avenue #51390
Mesa, Arizona 85208
Telephone: (602) 904-5402

Pamela B. Petersen, No. 011512
ppetersen@taser.com
Isaiah Fields, No. 024640
isaiah@taser.com
TASER International, Inc.
17800 N. 85th Street
Scottsdale, Arizona 85255-9603
Telephone: (623) 533-3875

Attorneys for Plaintiff TASER International, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| TASER INTERNATIONAL, INC., | Case No: _____ |
|---|---|
| Plaintiff, | |
| v. | COMPLAINT<br>(Patent Infringement, Trademark Infringement, False Advertising) |
| PHAZZER ELECTRONICS, INC. and SANG MIN INTERNATIONAL CO., LTD., | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff TASER International, Inc. ("TASER") alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action arising under 35 U.S.C. § 271 for patent infringement and 15 U.S.C. § 1051 *et seq*. for false advertising and trademark infringement.

1

2. This Court has jurisdiction over the patent, trademark and false advertising claims pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the common law trademark and unfair competition claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because they have manufactured, imported, offered for sale, sold and continue to sell infringing products in Arizona, and have caused foreseeable injury in Arizona.

4. Venue is properly established in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims occurred in Arizona and TASER has been harmed here.

## PARTIES

5. TASER is a Delaware corporation with its principal place of business at 17800 N. 85th Street, Scottsdale, Arizona 85255.

6. Upon information and belief, Phazzer Electronics, Inc. ("Phazzer") is a Delaware corporation with its principal place of business at 808 N. Hoagland Boulevard, Kissimmee, Florida.

7. Upon information and belief, Sang Min International Co., Ltd ("Sang Min") is a corporation organized and existing in the Republic of China with its principal place of business at No. 339 Cheng Kung Rd., Feng Yuan District, Tai Chung, Taiwan 420.

## NATURE OF THE DISPUTE

8. TASER manufactures and sells conducted electrical weapons ("CEW") commonly known as "stun guns."

9. Beginning in the first quarter of 2003, TASER has continuously manufactured and sold the model X26™ CEW.

10. The TASER model X26 CEW utilizes a compressed gas cartridge to propel two probes, also referred to as darts, at high velocity toward a target. Each of the two

probes is connected by a thin insulated wire to a battery powered high voltage circuit located within the CEW. Upon impact of the two probes with the target, a complete electrical circuit is established and a low current electrical charge flows through the target.

11. The TASER model X26 CEW is designed to use electrical stimuli to interfere with the signals sent by the command and control systems of the body to temporarily impair the subject's ability to control his own body.

12. The TASER model X26 CEW is sold only to law enforcement and professional security personnel. A similar model, the X26C CEW, is sold to the consumer market.

13. The TASER model X26 CEW has been well received in the marketplace resulting in delivery of tens of thousands of units since its introduction in 2003.

14. TASER is the largest supplier of dart firing CEWs. TASER CEWs are used by more than 17,800 law enforcement agencies in 107 countries. Every TASER CEW is manufactured in Arizona.

15. TASER is the sole owner of US utility patent 7,234,262 (the "'262 patent") by assignment from the sole inventor as recorded in the United States Patent and Trademark Office at reel 016843 frame 0004. The '262 patent was granted to TASER on June 26, 2007. A copy of the '262 patent is attached as <u>Exhibit A</u> and incorporated herein by reference.

16. San Min manufactures and sells CEWs.

17. Phazzer imports CEWs manufactured by Sang Min and sells them in the United States and elsewhere.

18. Upon information and belief, San Min utilizes Phazzer as its U.S. distributor and sells CEWs to Phazzer knowing they will be resold in the U.S. and Arizona.

19. Phazzer and TASER offer competitive CEWs for sale.

20. Since about April 2010, with Sang Min's knowledge and consent, Phazzer has offered for sale in the United States a CEW marketed as the "Enforcer." The Enforcer is a hand-held weapon that launches two darts to stun a target.

21. On information and belief, the Enforcer is offered for sale to the general public.

22. Phazzer hosts a website on the Internet accessible to Internet users in Arizona without user registration or a password. The Phazzer websites have the following URLs http://www.phazzer.com ("Phazzer Corporate Website") and http://www.phazzerstore.com ("Phazzer E-commerce Website"). A copy of the Phazzer Corporate Website is attached as Exhibit B, and a copy of the Phazzer E-commerce Website home page is attached as Exhibit C. Both are incorporated herein by reference.

23. The Phazzer E-commerce website appears in Arizona in response to simple Google searches for "phazzer" (Exhibit D), "cew enforcer" (Exhibit E), or "enforcer stun gun" (Exhibit F). Copies of Exhibits E and F are attached and incorporated herein by reference. Web pages that are part of the Phazzer websites are also accessible to Internet users in Arizona who follow links on the home pages of the Phazzer websites.

24. The Phazzer websites include a technical specification of the Enforcer CEW (Exhibit G), a comparison between the Enforcer CEW and the TASER X26 CEW (Exhibit H) ("Enforcer-TASER Comparison"), several pages for pricing the Enforcer CEW in different colors (Exhibits I – J), a manual for the Phazzer Enforcer CEW (Exhibit K), and the Phazzer e-commerce shopping cart for purchasing an Enforcer CEW for shipment to Arizona (Exhibit L). Copies of Exhibits G - L are attached and incorporated herein by reference.

25. Phazzer's websites include a shipping calculator that calculates the cost of shipping the Phazzer Enforcer CEW through the U.S. Postal Service or the United

Parcel Service.  The State of Arizona may be selected as a shipping destination.  The e-commerce shopping cart and the shipping calculator on the Phazzer websites creates an expectation of delivery of a Phazzer Enforcer CEW in the time it normally takes to receive products shipped via those carriers.

26. Upon information and belief, Phazzer has sold and shipped the Enforcer CEW to customers in Arizona.

27. The Phazzer websites further include a support page (<u>Exhibit M</u>) that provides access to various manuals, including the Phazzer Dataport Manual (<u>Exhibit N</u>).  The Phazzer Dataport Manual describes the type of data stored by the Enforcer CEW and transferred from the Enforcer CEW to a computer.  Copies of Exhibits M and N are attached and incorporated herein by reference.

28. On information and belief, Phazzer's Enforcer CEWs include non-volatile memory that stores information regarding the weapon's past use.  The stored information appears to record the date and time of each operation of the trigger and the duration of the stimulus signal provided by the Enforcer.  The Phazzer Dataport Manual accessible on the Phazzer websites is version 01-07/20/2013, which suggests the Enforcer CEW has been storing and providing usage information since at least July 20, 2013.

29. As the manufacturer of Phazzer's Enforcer CEW, Sang Min has express knowledge of the weapon's data storage feature and specifications.

30. The e-commerce shopping cart and shipping calculator on Phazzer's websites constitute an "offer for sale" of a product within the United States.  Such "offer for sale" of the Phazzer Enforcer is an offer for sale of a CEW that infringes claim 13 of TASER's '262 utility patent.  On information and belief, other claims of the '262 patent are also infringed.

31. On information and belief, Sang Min is currently manufacturing and Phazzer is currently importing, using, and selling the Phazzer Enforcer CEW with Sang Min's knowledge and consent.

32. Phazzer and its distributors and agents' advertising claims have been understood within the relevant market as comparing Phazzer's CEWs with the well-known TASER CEWs.

33. The Enforcer-TASER Comparison document (Exhibit H) makes statements that are not true. The left most column of the Enforcer-TASER Comparison document identifies the CEW feature being compared. The feature entitled "Battery Operation: Strength of Charge Readout" states, "The TASER® X26 battery digital readout must be continuously monitored while in use to assure maximum discharging has not been reached." This statement is false.

34. The feature entitled "Battery Operation: Monitoring Capabilities" in the Enforcer-TASER Comparison document states, "Most agencies' policies require replacement once the battery reaches 70% or less. So in summary each agency pays X amount of money to use only 30% of a Taser battery." This statement is false.

35. The feature entitled "Operation Simplicity: Ease of Use and Control" in the Enforcer-TASER Comparison document states, "TASER® utilizes digital readout to monitor power operation and must be monitored by the officer during operation. This extra mental juggling to operate the Taser exposes officers to potential loss of sight of the perpetrator." This statement is false.

36. The feature entitled "Operation Simplicity: Ease of Use and Control" in the Enforcer-TASER Comparison document states, "TASER® offers illuminator selector button with 4 switch positions to operate the CID, the laser and flashlight both on and off in sequence leaving a substantial margin for error by drawing the officer's attention away from the perpetrator." This statement is false.

37. TASER is the owner of a federal trademark registration, Registration No. 4,423,789, issued by the United States Patent and Trademark Office on October 29, 2013, for the non-functional shape, as shown below, of cartridges used to launch darts ("TASER Trademark").  The registration certificate is attached as <u>Exhibit O</u> and incorporated herein by reference.



38. The TASER Trademark has been used since January 31, 1995.  The TASER Trademark distinguishes TASER's cartridges and is well-known to users and purchasers of CEWs as identifying TASER merchandise.

39. On information and belief, Sang Min manufactures CEW cartridges for Phazzer that bear a confusingly similar shape to the TASER Trademark, including the cartridge depicted below.  Phazzer imports these cartridges into the United States, and offers for sale and sells the cartridges in interstate commerce with Sang Min's knowledge and consent.



40. Phazzer presently sells through the Phazzer E-commerce Website several versions of cartridges that each bear a confusingly similar shape to the shape of the TASER Trademark.

41. The cartridges imported, distributed, offered for sale, and sold by Phazzer are not manufactured by TASER, and neither Phazzer nor Sang Min are associated or connected with TASER or licensed, authorized, sponsored, endorsed, or approved by TASER in any way.

42. TASER used the TASER Trademark extensively and continuously before Sang Min and Phazzer began using confusingly similar imitations of TASER's cartridges.

43. The cartridges sold by Phazzer are similar to and compete with goods sold by TASER, and the goods sold by both parties are sold through overlapping channels of trade.

44. Phazzer's use of confusingly similar imitations of the TASER Trademark is likely to deceive, confuse, and mislead prospective purchasers into believing that

cartridges sold by Phazzer are manufactured by, authorized by, or in some manner associated with TASER. They are not. The likelihood of confusion, mistake, and deception engendered by Sang Min and Phazzer's misappropriation of the TASER Trademark is causing and will continue to cause irreparable harm to the goodwill symbolized by the TASER Trademark and the reputation for quality that the TASER Trademark represents.

45. Phazzer's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Phazzer's cartridges are likely to mistakenly attribute Phazzer's cartridges to TASER.

46. On information and belief, Sang Min and Phazzer knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of the TASER Trademark.

## COUNT ONE

## INFRINGEMENT OF THE '262 PATENT

### (Phazzer and Sang Min)

47. TASER realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

48. Count One arises under 35 U.S.C. § 271.

49. Through their commercial activities regarding the Phazzer Enforcer, Defendants directly infringe the '262 patent.

50. Through their commercial activities regarding the Phazzer Enforcer, Defendants infringe the '262 patent under the doctrine of equivalents.

51. Defendants' commercial activity constitutes contributory infringement of the '262 patent.

52. Defendants' infringement was without license from TASER and was willful and deliberate.

53. On information and belief, Defendants' acts of infringement damaged and will continue to damage TASER, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

54. Defendants' acts of infringement have been carried out deliberately and willfully entitling TASER to treble damages under 35 U.S.C. § 284. This is an exceptional case entitling TASER to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT TWO

## FALSE ADVERTISING UNDER 15 U.S.C. § 1125 (A)

### (Phazzer Only)

55. TASER realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

56. Count Two arises under 15 U.S.C. § 1125(a).

57. Phazzer has made and incorporated false statements of fact into its commercial advertisements for the Enforcer CEW product and has communicated publicly false statements about TASER and its products.

58. The statements made by Phazzer on its website and in its advertising were made for the purpose of influencing consumers to buy Phazzer's goods.

59. The false statements of fact either have actually deceived or have a tendency to deceive a substantial segment of Phazzer's audience. Such deception is material in that it is likely to influence purchasing decisions.

60. Phazzer has caused its false statements to enter interstate commerce. As a result of Phazzer's conduct, TASER has been or is likely to be injured as a result of Phazzer's false statements in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE

## TRADEMARK INFRINGEMENT

### (Phazzer and Sang Min)

61. TASER realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

62. Defendants' use of confusingly similar imitations of the TASER Trademark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Phazzer cartridges are manufactured or distributed by TASER, are associated or connected with TASER, or have the sponsorship, endorsement, or approval of TASER.

63. Defendants have used marks confusingly similar to TASER's federally registered mark in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and will injure TASER's goodwill and reputation as symbolized by the federally registered TASER Trademark, for which TASER has no adequate remedy at law.

64. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TASER Trademark to TASER's irreparable injury.

65. Defendants have caused and are likely to continue to cause substantial injury to the public and to TASER, such that TASER is entitled to injunctive relief and to recover TASER's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114 – 1117.

## COUNT FOUR

## COMMON LAW TRADEMARK INFRINGEMENT

## AND UNFAIR COMPETITION

### (Phazzer and Sang Min)

66. TASER realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

67. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of TASER unless restrained by this Court. TASER has no adequate remedy at law for this injury.

68. On information and belief, Defendants have acted with full knowledge of TASER's use of, and statutory and common law rights to, the TASER Trademark and without regard to the likelihood of confusion of the public created by their activities.

69. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TASER Trademark to the great and irreparable injury of TASER.

70. As a result of Defendants' acts, TASER has been damaged in an amount not yet determined or ascertainable. At a minimum, however, TASER is entitled to injunctive relief, to an accounting of Defendants' profits, to damages, and to costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the TASER Trademark and the need to deter Defendants from similar conduct in the future, TASER additionally is entitled to punitive damages.

## COUNT FIVE

## PUNITIVE DAMAGES

### (Phazzer and Sang Min)

71. TASER realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

72. Defendants' actions alleged in this Complaint were guided by an evil intent and outstrip the bounds of decency, fairness, and fair competition. Defendants' conduct is such that the Court is justified in assessing damages against it in an amount sufficient to deter Defendants and others contemplating a similar course of conduct from engaging in such conduct in the future.

73. TASER, therefore, is entitled to an award of punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, TASER respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

1. For a declaration that the Phazzer Enforcer CEW is within the scope of the claims of the '262 patent;

2. For a permanent injunction prohibiting infringement, including making, using, importing, offering for sale, and selling the Phazzer Enforcer CEW, as provided by 35 U.S.C. § 283;

3. For a permanent injunction prohibiting Phazzer's false advertising practices;

4. For a permanent injunction prohibiting infringement, including making, using, importing, offering for sale, and selling Phazzer cartridges that infringe on TASER's Trademark;

5. For an order stating that Defendants shall file a written report with the Court, under oath, setting forth their compliance with all injunctive relief granted;

6. For compensatory damages together with interest and costs for patent infringement as provided by 35 U.S.C. § 284;

7. For compensatory damages in an amount sufficient to compensate TASER for the injuries proximately caused by Defendants' conduct;

8. For treble damages as provided by 35 U.S.C. § 284 and 15 U.S.C. § 1117(a) for Defendants' willful and deliberate infringement and Phazzer's false advertising;

9. For punitive damages in an amount sufficient to deter Defendants and any others similarly situated from engaging in such conduct;

10. For attorneys' fees and costs pursuant to applicable law, including, without limitation, 35 U.S.C. § 285 and 15 U.S.C. § 1117(a).

11. For an order stating that Defendants shall completely and immediately furnish all information in their possession, custody or control that relates in any way to responses to Phazzer's sales and offers of sale of the Enforcer CEW in the United States and Arizona; and

12. For such other and further relief as the Court deems just and proper.

**REQUEST FOR MARKMAN HEARING**

TASER asks the Court to schedule a Markman Hearing for claim construction in this case.

**JURY DEMAND**

TASER reserves its right to have all issues that are triable by a jury so decided in this case.

DATED this 23rd day of November, 2015.

**LETHAM LAW FIRM LLC**

s/ *D. Lawrence Letham*
9855 E. Southern Avenue #51390
Mesa, Arizona 85208

|   |   |
|---|---|
| 1 | TASER International, Inc. |
| 2 | s/ *Pam Petersen* |
| 3 | Pamela B. Petersen |
| 4 | Isaiah Fields |
|   | 17800 N. 85th Street |
| 5 | Scottsdale, Arizona 85255-9603 |
| 6 | Attorneys for Plaintiff TASER International, Inc. |

**INDEX OF EXHIBITS**

Exhibit A:     U.S. Patent 7,234,262
Exhibit B:     http://www.phazzer.com (Phazzer Corporate Website)
Exhibit C:     http://www.phazzerstore.com (Phazzer E-Commerce Website)
Exhibit D:     Google search for "phazzer"
Exhibit E:     Google search for "cew enforcer"
Exhibit F:     Google search for "enforcer stun gun"
Exhibit G:     Enforcer CEW Technical Specifications
Exhibit H:     Comparison between the Enforcer CEW and the TASER X-26 CEW
Exhibit I:     Price for Enforcer CEW for color black
Exhibit J:     Price for Enforcer CEW for color yellow
Exhibit K:     Enforcer CEW Manual
Exhibit L:     Phazzer E-Commerce Shopping Cart
Exhibit M:     Phazzer Support Website
Exhibit N:     Phazzer Dataport Manual
Exhibit O:     TASER trademark registration certificate